UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.E.,[1] | Case No. 22-cv-03315-ASK |
| Plaintiff, | |
| v. | **ORDER RE: MOTION FOR ATTORNEY'S FEES** |
| KILOLO KIJAKAZI, | Re: Dkt. No. 25 |
| Defendant. | |

United States District Court
Northern District of California

Plaintiff originally filed this Social Security appeal to recover past-due benefits. Dkt. 1. In January 2023, the Court remanded the matter for further administrative proceedings and entered judgment in favor of Plaintiff. Dkts. 20, 22. On remand, Plaintiff received a fully favorable decision finding that she was disabled beginning in May 2011. Dkt. 25-2. As a result, the Social Security Administration awarded Plaintiff $91,099.13 in past due benefits. Dkt. 25-1.

Before the Court is Plaintiff's counsel's unopposed motion for attorney's fees under 42 U.S.C. § 406(b) in the amount of $22,700. Dkt. 25. Having considered the briefing, the Court determines this matter without oral argument. *See* N.D. Cal. Civ. L. R. 7-1(b). The Court **GRANTS** Plaintiff's counsel's unopposed motion for attorney's fees.

I.      **LEGAL STANDARD**

Attorney's fees may be awarded to a successful Social Security claimant's lawyer for their representation before a court pursuant to 42 U.S.C. § 406(b). *Straw v. Bowen*, 866 F.2d 1167 (9th Cir. 1989). A federal court that "renders a judgment favorable to a claimant . . . who was

---

[1] In actions involving requested review of a decision by the Commissioner of the Social Security Administration, the Court generally uses the Plaintiff's first and last initials to refer to the Plaintiff in the Court's public Orders out of an abundance of caution and out of regard for the Plaintiff's potential privacy concerns.

represented before the court by an attorney" may grant the attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). Section 406(b) is meant "to control, not to displace, [contingency] fee agreements between Social Security benefits claimants and their counsel." *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). Even if a fee request under § 406(b) is within the 25% statutory limit, the attorney bears the burden of showing that the fee sought is reasonable, and the court is responsible for serving as an "independent check" to ensure the reasonableness of the fee. *Id.* at 807.

Courts assess § 406(g) fee requests by "looking first to the contingent-fee agreement, then testing it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc). A court reviewing a fee request should consider "the character of the representation and the results the representative achieved," and determine "whether the amount [of fees specified in the contingency fee agreement] need be reduced," for such reasons as "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* at 1151. The reasonableness determination is not governed by the traditional lodestar method because "[t]he lodestar method under-compensates attorneys for the risk they assume in representing [Social Security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." *Id.* at 1150.

A § 406(g) fee award must be offset by any award of Equal Access to Justice Act ("EAJA") fees. *See Brenn v. O'Malley*, No. 23-CV-05010-DMR, 2025 WL 2419268 (N.D. Cal. Aug. 21, 2025). Thus, if a court awards fees under both the EAJA and § 406(b), "the claimant's attorney must refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (cleaned up).

## II.    DISCUSSION

In April 2022, Plaintiff engaged Francesco Benavides to represent her "in regards to her Social Security disability claim[.]" Dkt. 25-3 at 1. According to the contingency fee agreement, "the fee for successful prosecution of this matter is 25% of [Plaintiff's] past due benefits awarded to [Plaintiff] upon reversal of an unfavorable ALJ decision." *Id*. This arrangement is consistent

United States District Court
Northern District of California

with the 25% statutory cap. 42 U.S.C. § 406(b).

As a result of Attorney Benavides's successful representation, the Social Security Administration awarded Plaintiff $189,628 in past-due benefits in April 2026. Dkt. 25-1 at 2 (explaining that 25% of Plaintiff's past due benefits amounts to $47,407). The Social Security Administration then reduced Plaintiff's Social Security benefits by $98,528.87 to account for the Social Security benefits that Plaintiff had already received. *Id*. at 7. Accordingly, Plaintiff's final award of past-due benefits amounts to $91,099.13, 25% of which amounts to $22,774.78. Attorney Benavides's request for attorney's fees in the amount of $22,700 falls just under the 25% statutory limit. 42 U.S.C. § 406(b).

According to Attorney Benavides's declaration and time sheet, he spent 30.5 hours litigating this case. Dkt. 25 at 7 ¶ 12; *see* Dkt. 25-4. He attests that "[o]utside of contingency fee related representation, [his] hourly rate ranges from $350 to $550 per hour." *Id*. at 6 ¶ 10. Here, Attorney Benavides's requested award equates to an effective hourly rate of $744.26. This rate is comparable with rates awarded recently by other courts in this District. *See, e.g.*, *S.R. v. Kijakazi*, No. 22-cv-00516-JCS, 2024 WL 2868511, at *2 (N.D. Cal. June 5, 2024) ("The Court further finds that the effective rate of $623.98/hour is within the range of what courts have approved in recent years."); *Ainsworth v. Berryhill*, No. 16-CV-03933-BLF, 2020 WL 6149710, at *2 (N.D. Cal. Oct. 20, 2020) ("The Court finds the hourly rate of $1,325.34 reasonable under the circumstances."); *Harrell v. Berryhill*, No. 16-CV-02428-TSH, 2018 WL 4616735, at *4 (N.D. Cal. Sept. 24, 2018) (finding a de facto hourly rate of $1,213.83 reasonable); *Goodbar v. Colvin*, Case No. 11-cv-4572-SI, 2015 WL 6674548, at *2, 2015 U.S. Dist. LEXIS 149980, at *4 (N.D. Cal. Nov. 2, 2015) (approving effective hourly rate of $772.09); *see also Crawford v. Astrue*, 586 F.3d 1142 1153 (9th Cir. 2009) (approving de facto hourly rates of $519, $875, and $902 in 2009).

Absent from the record is any indication that Attorney Benavides's performance was substandard, that any delay in this case was unreasonable or particularly attributable to Attorney Benavides, or "that the amount of fees requested is disproportionate to the time spent on the case or to the benefits awarded." *N.N. v. Bisignano*, No. 23-CV-03489-PHK, 2025 WL 2856296, at *2 (N.D. Cal. Oct. 8, 2025). The 30.5 hours that Attorney Benavides spent litigating Plaintiff's case is

reasonable. *Id.* (finding ~52 hours of attorney time to be reasonable); *see also Harrington v. Saul*, No. 20-CV-04148-PJH, 2022 WL 3017519, at *2 (N.D. Cal. July 29, 2022) ("It is not unusual for an attorney to bill over 50 hours for social security matters of this nature that involve a voluminous record.") (collecting cases). Accordingly, Attorney Benavides has met his burden to demonstrate that his unopposed request for fees in the amount of $22,700 is reasonable.

Because Attorney Benavides has already received $6,700 from Plaintiff under the EAJA, Dkt. 25 at 6 ¶ 8, Attorney Benavides shall refund Plaintiff that $6,700. *Gisbrecht*, 535 U.S. at 796.

## III.   CONCLUSION

For the reasons stated, the Court **GRANTS** Attorney Benavides's unopposed request for fees in the amount of $22,700. The Commissioner is **DIRECTED** to certify fees under 42 U.S.C. § 406(b) in the amount of $22,700, payable to Plaintiff's counsel, Francesco Benavides. Attorney Benavides is **ORDERED** to refund Plaintiff the $6,700 previously awarded under the EAJA.

**IT IS SO ORDERED.**

Dated: July 6, 2026

_____
AJAY KRISHNAN
United States Magistrate Judge